UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE FRANK BARRON,

               Petitioner,

    v.

MC BITTER, Warden,

               Respondent.

)
)
)
)
)
)
)
)
)
)

No. CV 15-1113-PA (FFM)

FINAL REPORT AND
RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE

     This Final Report and Recommendation is submitted to the Honorable Percy Anderson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the Petition be denied and that the action be dismissed with prejudice.

## I. PROCEEDINGS

     Petitioner, Jose Frank Barron, a state prisoner in the custody of the California Department of Corrections, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 on May 8, 2015. Therein, he asserted the following four grounds for relief:

/ / /

1. The state court violated Petitioner's right to due process by refusing to re-sentence him under California's Proposition 36.

2. The trial court deprived Petitioner of his right to due process and violated California Supreme Court precedent by using his two prior convictions that arose from the same act to enhance his current sentence.

3. Petitioner's sentence violates the Eighth Amendment's ban on cruel and unusual punishment because his sentence is grossly disproportionate to the crimes of which he was convicted.

4. Petitioner's conviction for burglary violates his right to due process and equal protection because he was convicted of burglarizing his own residence.

Subsequently, however, Petitioner voluntarily withdrew all but his second ground for relief -- namely, that the trial court deprived him of his right to due process and violated California Supreme Court precedent by using two prior convictions that arose from the same act to enhance his current sentence. (*See* Docket No. 8 at 2-3.) The Court, finding that the Petition was an unauthorized second or successive petition as to Petitioner's one remaining ground for relief, denied the Petition without prejudice and transferred the Petition to the Ninth Circuit Court of Appeals.

Thereafter, Petitioner filed a notice of appeal in the Ninth Circuit Court of Appeals. On February 29, 2016, the Ninth Circuit issued an order denying Petitioner's request for a certificate of appealability and denying all pending motions as moot, stating:

/ / /

/ / /

The request for a certificate of appealability is denied
because appellant has not shown that "jurists of reason
would find it debatable whether the petition states a valid
claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the
district court was correct in its procedural ruling." *Slack
v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28
U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641,
648 (2012). [¶] Any pending motions are denied as
moot.

(Docket No. 20.)

On September 28, 2017, however, the Ninth Circuit issued an order regarding the Petition that had been transferred to it from this Court. Specifically, the Ninth Circuit ruled that Petitioner did not need authorization to file a second or successive petition because he was challenging "the state court's denial of his petition for re-sentencing under Proposition 36."[1] (Docket No. 36.) Accordingly,

---

[1] Although the Ninth Circuit's order referenced the "claims" that Petitioner asserted in his Petition, the Ninth Circuit did not mention the fact that, before this Court denied the Petition as an unauthorized second or successive Petition, Petitioner had abandoned the one ground for relief pertaining to the state courts' denial of his petition for resentencing under Proposition 36. (*See* Docket No. 2-3 ("In this proceeding in the District Court, Petitioner respectfully wishes to withdraw Ground(s) (One) Re-sentencing; Ground (Three) disproportionate; and Ground (Four) wrongly convicted and, [sic] would like to proceed with Ground (Two) Improper sentence based on *People v. Vargas*, case no: 5203744.").) Citing Petitioner's prior abandonment of his first, third, and fourth grounds for relief, Respondent asserts that the only ground for relief currently before the Court is Petitioner's second ground for relief. However, the only interpretation of the Ninth Circuit's order that makes sense is that the Ninth Circuit *sua sponte* reinstated the grounds for relief that Petitioner voluntarily abandoned. This

(continued...)

3

the Ninth Circuit ordered that the Petition "be deemed filed in the district court on May 28, 2015, the date the applicant originally filed his habeas petition in the district court." (*Id.*)

In accordance with the Ninth Circuit's order, the undersigned ordered Respondent to file an answer to the Petition. On September 21, 2018, Respondent filed an answer. Thereafter, on November 29, 2018, Petitioner filed an opposition to Respondent's answer.

The matter, thus, stands submitted and ready for decision.

## II. BACKGROUND

On April 15, 2008, following a jury trial in Riverside County Superior Court, Petitioner was found guilty of residential burglary and making a criminal threat. He subsequently admitted the allegations that he had suffered two prior convictions for serious or violent felonies, and two prior strike convictions within the meaning of California's Three Strikes Law. The trial court then found true the allegation that he had served one prior prison term. On July 18, 2008, the trial court sentenced Petitioner to a total term of thirty years to life.

Petitioner appealed his conviction to the California Court of Appeal. On September 30, 2009, the court of appeal, in an unpublished opinion, ordered the abstract of the sentence corrected, but in all other respects, affirmed the judgment. Petitioner then filed a petition for review in the California Supreme Court, which denied the petition on December 17, 2009. Thereafter, Petitioner filed a series of

/ / /

/ / /

---

[1](...continued)
interpretation is the only one plausible of the Ninth Circuit's order because the one ground for relief pertaining to the state courts' denial of Petitioner's state court petition for resentencing under Proposition 36 was among the abandoned grounds.

unsuccessful state collateral attacks to his conviction, the last of which was denied on February 15, 2012.

Petitioner then initiated his first federal petition for writ of habeas corpus. (*See* Case No. 12-432-PA (FMO).)  On September 26, 2012, this Court, finding that the petition was untimely, dismissed the petition with prejudice.  Although Petitioner attempted to appeal that order, the Ninth Circuit Court of Appeals denied his request for a certificate of appealability.  Almost six months later, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive petition.  Subsequently, Petitioner filed a second series of unsuccessful state collateral attacks to his conviction, the last of which was denied on June 28, 2015.

Petitioner then initiated this action.

### III.  FACTUAL BACKGROUND

The following facts were taken verbatim from the California Court of Appeal's opinion affirming Petitioner's conviction:

The victim, Vanessa S. was in a romantic relationship with [Petitioner], on and off, commencing in 2002.  The victim rented a garage room in the residence of [Petitioner's] sister, and had full house privileges.  At some point, another woman came into the picture.

On April 1, 2007, at approximately midnight, the victim was in the family room, using the computer for online "chatting," when she heard someone knocking on the window.  The victim could not see who it was, so she invited the person to come in through the door.  [Petitioner] entered the house and asked her what she was doing; the victim explained she was chatting on the computer.  The [Petitioner], who was noticeably drunk, saw that she was chatting with a man, and became angry.

/ / /

The [Petitioner] pushed the victim, who had stood up, onto a couch. The victim got back up and told [Petitioner] he was not supposed to be there and that he should leave, but [Petitioner] grabbed her by the hair. [Petitioner's] sister had told him he was not allowed on the premises, due to an incident that occurred the previous week in which [Petitioner] had struck the victim. At about this time, the [Petitioner's] nephew entered the house, giving the victim an opportunity to run outside.

[Petitioner] followed the victim outside, onto the front lawn, where he pulled her hair again, and told the victim she was his girlfriend and she could be with no one else. The victim reminded [Petitioner] that he had another girlfriend and told him to go to her. [Petitioner] continued pulling the victim's hair, and then started pounding on the back of her head. [Petitioner] had punched her numerous times with his closed fist-and was still striking blows-when [Petitioner's] sister's brother-in-law, Luis, returned from a baseball game with his nephews.

The victim ran back into the house, followed by Luis and the nephews, and they locked the door. The victim went to the phone to call 911. The [Petitioner] banged on the door and then entered the residence through an unlocked window, and struck the victim again before he realized she had called the authorities. He told her he was going to kill her and then left the residence.

A sheriff's deputy received a call from the dispatcher about the incident and went to the residence. When he arrived, he found the victim, with four large lumps on the back of her head, a two-inch lump with redness on the side of her forehead, an abrasion on her right arm, as well as on her neck, in addition to the loss of clumps of hair. The deputy observed that the victim was visibly upset; she had been crying and the deputy had to pause several times during the interview to help her calm down.

*People v. Barron*, 2009 WL 3145170, *1-2 (Cal. Ct. App. Sept. 30, 2009).

/ / /

# IV.  PETITIONER'S CLAIMS

1.    The state court violated Petitioner's right to due process by refusing to re-sentence him under California's Proposition 36.

2.    The trial court deprived Petitioner of his right to due process and violated California Supreme Court precedent by using his two prior convictions that arose from the same act to enhance his current sentence.

3.    Petitioner's sentence violates the Eighth Amendment's ban on cruel and unusual punishment because his sentence is grossly disproportionate to the crimes of which he was convicted.

4.    Petitioner's conviction for burglary violates his right to due process and equal protection because he was convicted of burglarizing his own residence.

# V.  STANDARD OF REVIEW

The standard of review applicable to Petitioner's claims herein is set forth in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (Pub. L. No. 104-132, 110 Stat. 1214 (1996)).  *See* 28 U.S.C. § 2254(d); *see also Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  Under AEDPA, a federal court may not grant habeas relief on a claim adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 402, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

_____

[2]In addition, under 28 U.S.C. § 2254(e)(1), factual determinations by a state court "shall be presumed to be correct" unless the petitioner rebuts the presumption "by clear and convincing evidence."

The phrase "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."[3] *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). However, a state court need not cite the controlling Supreme Court cases in its own decision, "so long as neither the reasoning nor the result of the state-court decision contradicts" relevant Supreme Court precedent which may pertain to a particular claim for relief. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (*per curiam*).

A state court decision is "contrary to" clearly established federal law if the decision applies a rule that contradicts the governing Supreme Court law or reaches a result that differs from a result the Supreme Court reached on "materially indistinguishable" facts. *Williams*, 529 U.S. at 405-06. A decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal habeas court may not overrule a state court decision based on the federal court's independent determination that the state court's application of governing law was incorrect, erroneous, or even "clear error." *Lockyer*, 538 U.S. at 75. Rather, a decision may be rejected only if the state court's application of Supreme Court law was "objectively unreasonable." *Id.*

/ / /

---

[3]Under AEDPA, the only definitive source of clearly established federal law is set forth in a holding (as opposed to dicta) of the Supreme Court. *See Williams*, 529 U.S. at 412; *see also Yarborough v. Alvarado*, 541 U.S. 652, 660-61, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). Thus, while circuit law may be "persuasive authority" in analyzing whether a state court decision was an unreasonable application of Supreme Court law, "only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

The standard of unreasonableness that applies in determining the "unreasonable application" of federal law under Section 2254(d)(1) also applies in determining the "unreasonable determination of facts in light of the evidence" under Section 2254(d)(2). *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). Accordingly, "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Id.*

Where more than one state court has adjudicated the petitioner's claims, the federal habeas court analyzes the last reasoned decision. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) for presumption that later unexplained orders, upholding judgment or rejecting same claim, rest upon same ground as the prior order). Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. *Bailey v. Rae*, 339 F.3d 1107, 1112-13 (9th Cir. 2003).

## VI. DISCUSSION

### A. Refusal to Re-Sentence

In his first ground for relief, Petitioner contends that the state courts violated his right to due process by refusing to re-sentence him under California's Proposition 36. According to Petitioner, he was eligible to be re-sentenced under Proposition 36 because his prior convictions were invalid and, in any event, did not meet the criteria for serious felonies under the Three Strikes Law.

Petitioner raised this claim in a habeas petition that he filed in the Riverside County Superior Court. In rejecting this claim, the superior court noted, among other things, that Petitioner was ineligible to be re-sentenced under Proposition 36

because he was convicted of first degree burglary.  (*See* Pet. at 22.)  As explained below, the superior court did not commit constitutional error in rejecting Petitioner's claim.

### 1.    Relevant Statutory Background

In order to understand Petitioner's claim and why it fails, the following statutory background is necessary.  On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended California Penal Code sections 667 and 1170.12 and added section 1170.126.  Among other things, section 1170.126 created a post-conviction release proceeding whereby prisoners serving indeterminate life sentences imposed under the Three Strikes Law can apply for a reduction in their sentences.  Specifically, section 1170.126 allows such prisoners to have their sentences recalled and to be sentenced as second strike offenders where the current offense is not a serious or violent felony.  *See People v. Yearwood*, 213 Cal. App. 4th 161, 168, 151 Cal. Rptr. 3d 901 (2013).

By contrast, prisoners who are serving sentences for convictions of any crime among those listed in California Penal Code section 667.6(c) or California Penal Code section 1192.7(c) are ineligible to be sentenced as second strike

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

offenders.  Cal. Penal Code § 1170.126(b).[4]  Among the crimes listed in section 1192.7(c) is "any burglary of the first degree." Cal. Penal Code § 1192.7(c)(18).

## 2. Federal Legal Standard and Analysis

Petitioner's challenge to the state courts' refusal to re-sentence him under California Penal Code section 1170.126 fails because, at bottom, it involves only an alleged error in the application of state law -- namely, an alleged misapplication of California Penal Code section 1170.126.  Matters relating to state sentencing law generally are not cognizable on federal habeas review.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court decisions on state-law grounds.").  Nonetheless, a state court's misapplication of state sentencing law may violate due process if "[the error] is so arbitrary or capricious as to constitute

---

[4] Specifically, California Penal Code section 1170.126(b) states:

> Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.

Cal. Penal Code § 1170.126(b).

an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992).

Here, the state courts held that, under state law, Petitioner was not entitled to be re-sentenced because his current conviction for first degree burglary qualified as a serious or violent felony for purposes of the Three Strikes Law. This Court is bound by the state courts' interpretation of California law. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (*per curiam*) (stating that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus").

Moreover, Petitioner has made no showing that the state courts misapplied California law. Indeed, as set forth above, prisoners who are serving sentences for convictions of any crime among those listed in California Penal Code section 667.6(c) or California Penal Code section 1192.7(c) are ineligible to be re-sentenced as second strike offenders. Cal. Penal Code § 1170.126(b). The crime of which Petitioner was convicted -- first degree burglary -- is listed in section 1192.7(c). *See* Cal. Penal Code § 1192.7(c)(18). Consequently, Petitioner is ineligible under California law to be re-sentenced under Proposition 36.

Furthermore, Petitioner's attempt to challenge the validity of his prior convictions is meritless. A state prisoner who has failed to pursue available remedies to challenge a prior conviction (or who has done so unsuccessfully) may not collaterally attack that conviction later through a motion under 28 U.S.C. § 2254 directed at the enhanced state sentence. *See Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 403-04, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). The Supreme Court recognizes only one exception to this rule: where the petitioner raises a claim of the denial of assistance of counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792 9 L. Ed. 2d 799 (1963)). *Lackawanna*, 532 U.S. at 404. Here, Petitioner does not -- and cannot -- allege that he was

denied counsel in connection with his prior convictions; thus, he cannot challenge those convictions in this action.[5]

In short, the state courts' decision against re-sentencing Petitioner under section 1170.126 was neither an unreasonable application of, nor contrary to, clearly established federal law as determined by the Supreme Court.

## B.   Petitioner's Prior Convictions

In his second ground for relief, Petitioner contends that the trial court deprived him of his right to due process and violated the ruling of the California Supreme Court's opinion in *People v. Vargas*, 59 Cal. 4th 635, 174 Cal. Rptr. 3d 277, 328 P.3d 1020 (2014), by treating two of his prior convictions as separate serious felonies under California's Three Strikes Law.  The trial court erred in doing so, according to Petitioner, because the two convictions arose from the same act.  As explained below, Petitioner is mistaken.[6]

---

[5] As stated above, Petitioner also contends that he is eligible to be re-sentenced under Proposition 36 because his prior convictions do not meet the criteria for serious felonies under the Three Strikes Law.  However, Petitioner provides no argument or facts in support of this contention.  Presumably, this contention reflects the claim that Petitioner makes in his second ground for relief -- namely, that his prior crimes were improperly used as two serious felonies under the Three Strikes Law because, according to Petitioner, they arose from a single act.  The undersigned addresses that claim below.  (*See infra*.)

[6] As the undersigned explained in its initial Report and Recommendation (Docket No. 12), as to this ground for relief, the current Petition is an unauthorized second or successive petition.  Indeed, unlike his first ground for relief, Petitioner's second ground for relief is directed at his original judgment and has nothing to do with the state courts' refusal to re-sentence him under Proposition 36.  Nevertheless, in an abundance of caution, the undersigned shall, as an alternative basis for denying this ground for relief, address its merits.  In doing so, the undersigned notes that Petitioner did not assert this ground for relief in his original

(continued...)

13

### 1.	Relevant Facts

Prior to suffering the conviction underlying the instant Petition, Petitioner, on July 25, 2003, was convicted in state court of burglary and making criminal threats in case number RIF 105522.[7]  (Pet., Attach. 2 at 28.)  As to the making criminal threats count, Petitioner was found guilty of making criminal threats against Samuel Ponce.  *See Barron*, 2005 WL 290161 at *6-8.   As to the burglary count, Petitioner was found guilty of burglarizing the residence of his ex-girlfriend, Maria Lua.  *See id.*  Both crimes were committed on the same day, although not at the same time.  *See id.*  Petitioner made the criminal threats against Ponce during a phone call that Petitioner made to Ponce's residence.  *See id.*  He later came to Lua's residence to commit the burglary.  *See id.*

In connection with Petitioner's current conviction, the trial court, relying in part on the foregoing two prior convictions, sentenced Petitioner to thirty years to life under the Three Strikes Law.

### 2.	Analysis

Like his first ground for relief, Petitioner's second ground for relief is not cognizable on federal habeas review, as it involves only a purported misapplication of state sentencing law -- namely, the purported misapplication of the California Supreme Court's ruling in *Vargas*.  A state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the

---

[6](...continued)
federal habeas petition -- presumably because the California Supreme Court did not issue its opinion in *Vargas* until after Petitioner's original federal habeas petition already had been denied.

[7] The undersigned takes judicial notice of the California Court of Appeal's opinion affirming the judgment against Petitioner in case number RIF 105522.  *See People v. Barron*, 2005 WL 290161 (Cal. Ct. App. Feb. 8, 2005); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo. Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of state court opinion).

Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a);
*Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).
Accordingly, matters relating to state sentencing law generally are not cognizable
on federal habeas review. *See id.* Moreover, as explained in connection with
Petitioner's third ground for relief (*see infra*), Petitioner cannot show that his
sentence is fundamentally unfair. *See*, *e.g.*, *Christian v. Rhode*, 41 F.3d 461, 469
(9th Cir. 1994); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 506 (9th Cir.
1994).

Although Petitioner invokes his right to due process in connection with this
claim, that fact is insufficient to transform what is, at most, a state law claim into a
cognizable federal claim. *See Gray v. Netherland*, 518 U.S. 152, 163, 116 S. Ct.
2074, 2081, 135 L. Ed. 2d 457 (1996). For this reason, the Ninth Circuit
repeatedly has held that a habeas petitioner's mere reference to the Due Process
Clause is insufficient to render his claims viable under the Fourteenth
Amendment. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994);
*Miller v. Stagner*, 757 F.2d 988, 993-94 (9th Cir. 1985).

Moreover, Petitioner's reliance on *Vargas*, which post-dates his sentence, is
misplaced. In *Vargas*, the California Supreme Court considered "whether two
prior convictions arising out of a single act against a single victim can constitute
two strikes under the Three Strikes Law" and "conclude[d] they cannot." 59 Cal.
4th at 637. *Vargas* does not, however, prohibit courts imposing a third strike
sentence where the defendant's two prior convictions arise out of single act, but
involve more than one victim. On the contrary, *Vargas* expressly acknowledged
that a sentencing court may impose a third strike sentence under circumstances
where the defendant's "two previous qualifying felony convictions were for
crimes so closely connected in their commission that they were tried in the same
proceeding . . . because the Three Strikes law does not require that prior

/ / /

convictions, to qualify as strikes, be brought and tried separately." 59 Cal. 4th at 638.

For this reason, both state and federal courts consistently have found *Vargas* inapplicable to offenders whose prior strikes were based on a single course of conduct involving more than one victim. *See*, *e.g.*, *People v. Rusconi*, 236 Cal. App. 4th 273, 280, 186 Cal. Rptr. 3d 382 (2015) (rejecting argument that *Vargas* prohibited trial court from treating two prior manslaughter convictions arising from same incident as two separate strikes because defendant's single act involved multiple victims); *People v. Mendes*, 2016 WL 142458, \*9 (Ct. App. 5th Dist. Jan. 12, 2016) (holding that *Vargas* does not apply where "defendant's prior strikes were not based on a single act committed against a single victim"); *People v. Davis*, 2016 WL 68472, \*4 (Ct. App. 5th Dist. Jan. 5, 2016) (holding that *Vargas* was inapplicable where defendant's prior convictions, though arising out of single act of firing shotgun, "related to a different victim"); *see also Russell v. Fox*, 2016 WL 1599481, \*13 n.9 (N.D. Cal. April 20, 2016) (explaining that *Vargas* is inapplicable to petitioner's qualifying strikes arising out of his victimization of six-year-old girl and 85-year-old woman); *Arterberry v. Lizarraga*, 2016 WL 126730, \*4 n.2 (C.D. Cal. Jan. 11, 2016) (stating that *Vargas* was inapplicable to petitioner's qualifying strikes arising from his conviction on two robbery counts involving separate victims).

This precedent forecloses Petitioner's claim that his sentence violates the rule of *Vargas*. Petitioner did not commit his prior crimes against the same person; instead, the prior crimes that were used to enhance his current sentence were committed against two different people. Moreover, Petitioner's prior crimes did not arise out of the same act. Rather, he committed one crime over the telephone, and committed the second crime after traveling to his ex-girlfriend's residence.

/ / /

In sum, the state courts reasonably rejected Petitioner's claim.[8] Accordingly, Petitioner is not entitled to relief with respect to this ground for relief.

## C.  Petitioner's Sentence

In his third ground for relief, Petitioner contends that his sentence violates the Eighth Amendment's ban on cruel and unusual punishment because his sentence is grossly disproportionate to the crimes of which he was convicted.  As to this ground for relief, the instant Petition is an unauthorized second or successive petition because Petitioner asserted this same ground for relief in his original federal habeas petition.[9]  *Burton v. Stewart*, 549 U.S. 147, 153, 127 S. Ct. 792, 166 L. Ed. 2d 628 (2007); 28 U.S.C. § 2244(b)(2).

Although the Ninth Circuit ruled that Petitioner did not need to seek authorization to file a second or successive petition, that ruling was based on the fact that Petitioner was challenging "the state court's denial of his petition for re-sentencing under Proposition 36."  (Docket No. 21.)  Petitioner's third ground for relief -- the same ground for relief that he raised in the federal habeas petition that he filed *before* California passed Proposition 36 -- does not relate in any way to the state courts's denial of his petition for re-sentencing.  Consequently, Petitioner cannot maintain his third ground for relief.  (*See* 28 U.S.C. § 2244(b) (1) ("A

/ / /

/ / /

/ / /

---

[8] The undersigned notes that, even under a *de novo* standard of review, Petitioner's claim would fail.  Thus, as an alternative basis for denying this claim, the undersigned recommends that this claim be denied under the *de novo* standard of review.

[9] *See* Case No. CV 12-432-PA-FMO, Docket No. 1 at 22; Docket 16 at 3.

claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").)[10]

Regardless, assuming that Petitioner's third ground for relief is properly before this Court (and that it is not time-barred),[11] it nevertheless fails on its merits. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., *concurring*) (quoting *Solem v. Helm*, 463 U.S. 277, 288, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences [are] exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980); *see also Harmelin*, 501 U.S. at 995 (upholding sentence of life without possibility of parole for possession of 672 grams of cocaine). Accordingly, one "clearly established" principle of federal law is that the "gross disproportionality principle is applicable to sentences for terms

---

[10] In rejecting Petitioner's first federal habeas petition, this Court found that Petitioner's Eighth Amendment claim was time-barred. (*See* Case No. CV 12-432-PA-FMO, Docket Nos. 16&20.) A dismissal based on the statute of limitations is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive. *Reyes v. Vaughn*, 267 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *see Plaut v. Spendthrift Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing Fed.R.Civ.P. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87-88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *Ellingson v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir.1981) ("A judgment based on the statute of limitations is 'on the merits.'") (citing *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972)).

[11] The undersigned concurs with the prior finding of untimeliness, but addresses the merits of the claim as an alternative basis for denying this claim.

of years" only in "exceedingly rare," "extreme," or "extraordinary" cases. *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (no unreasonable application of clearly established federal law where California courts affirmed sentence of two consecutive terms of twenty-five years to life in prison under California's "Three Strikes" law for petty theft with prior petty theft conviction).

Here, Petitioner's sentence does not fit within the exceedingly rare or extreme types of sentences that violate the Eighth Amendment. On the contrary, Petitioner was convicted of first degree burglary and making criminal threats. Those crimes, considered in combination, are arguably as serious as the crime of cocaine possession that triggered the constitutionally permissible life sentence in *Harmelin*. (*See supra*.)  Petitioner's sentence, however, not only took into account the gravity of his current crimes, but also encompassed his prior criminal record. It is well established that legislatures may punish recidivists more severely than first-time offenders. *Rummel*, 445 U.S. at 276 (upholding life sentence imposed under recidivist statute where three felonies consisted of passing forged $28.36 check, fraudulently using credit card to obtain $80.00 worth of goods or services, and obtaining $120.75 by false pretenses). Here, Petitioner's criminal record included a prior conviction for, among other things, first degree burglary and making criminal threats. Thus, the gravity and seriousness of Petitioner's current and prior crimes far outweigh those that triggered the constitutionally permissible life sentence in *Rummel*.

In short, Petitioner has failed to show that his sentence was grossly disproportionate to the crimes of which he was convicted. He is, therefore, not entitled to habeas relief with respect to this ground for relief.[12]

_____

[12]  The undersigned notes that this claim fails regardless of whether the

(continued...)

### D.    Petitioner's Burglary Conviction

In his final ground for relief, Petitioner contends that his conviction for burglary violated his right to due process and equal protection because he was convicted of burglarizing his own residence.  As to this ground for relief, the instant Petition is an unauthorized second or successive petition.  (*See supra*).  This ground for relief is directed at the same judgment that he challenged in his original federal habeas petition and has nothing to do with the state courts' denial of his petition for re-sentencing.  Consequently, Petitioner cannot maintain this ground for relief without first obtaining prior authorization to do so from the Ninth Circuit Court of Appeals.  *See Burton*, 549 U.S. at 153; 28 U.S.C. § 2244(b)(2).

Regardless, even if this ground for relief were properly before the Court (and is not time-barred), it nevertheless does not entitle Petitioner to habeas relief.  Petitioner provides no facts to support his allegation that he was a resident of the home that he was convicted of burglarizing.  Such unsupported and conclusory allegations do not warrant habeas relief.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (habeas relief not warranted where claims for relief are unsupported by facts).[13]

---

[12](...continued)
undersigned applies the requisite deference to the state courts' opinion under AEDPA or whether the claim is reviewed *de novo*.  Accordingly, the undersigned recommends that the claim be denied under the AEDPA standard of review and, alternatively, under the *de novo* standard of review.

[13] Because Petitioner provides no facts in support of this ground for relief, it is difficult to determine the precise nature of his claim.  The undersigned, however, notes that Petitioner asserted a similar argument in his original federal habeas petition.  There, he alleged that he was actually innocent of the charged burglary

(continued...)

# VII. RECOMMENDATION

The Magistrate Judge therefore recommends that the Court issue an order: (1) approving and adopting this Final Report and Recommendation; and (2) directing that judgment be entered denying the Petition with prejudice.

DATED: <u>March 11, 2019</u>

                                     <u>/S/ FREDERICK F. MUMM</u>
                                       FREDERICK F. MUMM
                             United States Magistrate Judge

---

[13](...continued)
because he was a resident of the home that he was convicted of burglarizing. (*See* Case No. CV 12-432-PA (FMO), Docket No. 1 at 13-16.) To the extent that Petitioner intends to assert the same claim, the undersigned rejects it for the same reasons identified in the Report and Recommendation pertaining to Petitioner's original federal habeas petition. (*See id.*, Docket No. 16 at 8-10.) The undersigned further notes that the United States Supreme Court has never recognized a freestanding actual innocence habeas ground for relief. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1931, 185 L. Ed. 2d 1019 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71-72, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009) (whether federal constitutional right to be released upon proof of "actual innocence" exists "is an open question").

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.